## IN RE: Trust Under Joint Will of REMBERT
### Case No. 73-140-CP
Nineteenth Judicial Circuit, Martin County

November 8, 1988

**APPEARANCES OF COUNSEL**

**Steven L. Perry** for petitioner.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

This matter came on for hearing upon Petitioner First National Bank and Trust's Motion for Reformation. In accordance with FS § 86.011 the Court has treated this as a Motion for Declaratory Judgment. (See Trawick-Florida Practice and Procedure, Ch. 35). The precise issue presented is the legality of a provision of the Joint Will of Ivan and Florida K. Rembert. Paragraph Fourth of the Will provides that, upon the death of the survivor, the joint estates will be received by First National for an education trust denominated the *IVAN T. and FLORIDA K. REMBERT TRUST.* The trustee is directed by the

testators to disburse not more than $2,500 dollars to "Selected white male graduates" of Martin County High School. The funds are to be used by recipients to finance higher education. The trust further directs that the recipients be selected by (1) the trust officer; (2) The Sheriff of Martin County; and (3) The principal of Martin County High School.

The clause in question also disposes of the rest, residue and remainder of the estate of Florida and Ivan. There is no provision for a gift over or reversion if the charitable trust fails.

The trust clearly discriminates on racial grounds and benefits would obviously, by its terms, not be available to assist Black, Hispanic, or Oriental male students.

Initially, the Court must decide if the participation of the Sheriff and the School Principal in carrying out the admittedly discriminatory provisions of this trust constitute state participation in invidious racial discrimination. The Court is mindful that state action is at best an elastic and sometimes elusive concept that must be determined on a case by case basis. Federal cases and decisions reflect that even minimal state participation in support of racial discrimination can constitute prohibited state action. See *Greco v Orange Memorial Hospital Corporation,* 513 F.2d 873 (5th Cir. 1975).

In the present case, State officers, in order to perform the act of selection, must engage in purposeful racial discrimination. In addition, the students are selected from the enrollment of a learning institution fully funded by state and local taxes.

Far from being attenuated, the state action, present in the operation of this trust, is pervasive and impermissible. *Pitts v Department of Revenue,* 333 F.Supp 662 (E.D. Wis. 1971); *Golden v Biscayne Bay Yacht Club,* 521 F.2d 344 (5th Cir. 1975). In view of the foregoing, the Court must determine the applicability of cy pres principles with regard to the provision in question.

In essence, the doctrine of cy pres as applied to charitable gifts is one of approximation and may be accurately described as a corollary to the imperative mandate of effectuation of testamentary intent. The cy pres doctrine is particularly appropriate where, as here, the bequest has vested. *(Christian Herald Association v First National Bank of Tampa,* 40 So.2d 563 (Fla. 1949)).

A court of equity can effectuate the testator's general charitable intent where the original specific intent becomes impossible of fulfillment. As indicated previously, with the exception of specific bequests, the entire *res* of the estate was placed in trust for educational purposes.

8

There is no language in the Will that would support any conclusion other than a general charitable intent. Finally, the absence of any reverter or alternative gift over leads to the conclusion of general charitable intent. Research discloses no Florida cases directly on point. The Court finds the case of *Trammel v Elliott*, 199 S.E.2d 194 (GA. 1973) highly persuasive as to both issues previously discussed and specifically applies the doctrine of cy pres to effectuate the settlors' general testamentary intent.

It is therefore adjudged, ordered, and decreed that the facially discriminatory provision be, and is hereby, stricken. It is further ordered that the trustee administer the trust, as indicated by the foregoing, in a racially neutral manner. The Court retains jurisdiction of this cause for further appropriate relief.

DONE AND ORDERED in Chambers in Stuart, Martin County, Florida this 8th day of November, 1988.